116 F.3d 487
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Martin ROSALES-MENDOZA, Defendant-Appellant.
 No. 96-50145.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 3, 1997.
June 19, 1997.
 
 Appeal from the United States District Court for the Southern District of California, DC No. CR-95-01515-1-GT; Gordon Thompson, Jr., District Judge, Presiding.
 Before: SCHROEDER, BRUNETTI and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Martin Rosales-Mendoza appeals his jury conviction and sentence for possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).
 
 
 3
 He first contends that the district court, Chief Judge Judith Keep, presiding, erred in denying his motion to suppress the drug evidence. The government was not required to show probable cause, but only reasonable suspicion. See Alabama v. White, 496 U.S. 325, 329-31 (1990); United States v. Sharpe, 470 U.S. 675, 682 (1985). There was ample reasonable suspicion. The car had a darkened rear window and no right side mirror. There was indeed probable cause that it violated Cal.Veh.Code § 26708(a)(1). See also id. § 26708(b)(8). Cal.Veh.Code § 26709(a), cited by Defendant, does not trump § 26708; it only governs foreign-registered vehicles generally, i.e., vehicles without shaded rear windows.
 
 
 4
 Rosales-Mendoza next contends that the district court erred by admitting the highway patrol officer's testimony that Rosales' behavior matched that of drug couriers. Rosales opened the door to the testimony of the highway patrol officer, however, when in opening argument his counsel, over the government's objection, referred to the items that the highway officer later testified were, in his experience, indicative of a drug courier.
 
 
 5
 There was no error in admitting photographs showing how Rosales and the car appeared at the time of his arrest. The photographs were probative and the district court did not abuse its discretion in determining that they were not overly prejudicial.
 
 
 6
 There was sufficient evidence to support the jury's verdict that Rosales knew about the cocaine. The defendant was driving a car with a dismantled air conditioning system, on a hot August afternoon in the desert, with a pipe from the air conditioning system lying on the floor next to him. The jury could infer that he knew the air conditioning system was blocked with the cocaine. His answers to the highway patrol officer were inconsistent and false, and he displayed other indications of his guilty knowledge.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3